**Andrew Howard MURPHY, Appellant,**

**v.**

**William CRANFILL, Sheriff of Jefferson County, Appellee.**

Court of Appeals of Kentucky.

June 16, 1967.

Ralph H. Logan, Hardy, Logan & Tross, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, Cecil Davenport, Asst. County Atty., Louisville, for appellee.

CLAY, Commissioner.

This habeas corpus proceeding raises the question of the validity of KRS 439.175, which relates to parole of prisoners convicted of misdemeanors. The act was declared unconstitutional by the circuit court and relief was denied appellant.

By judgment of the Jefferson Circuit Court appellant was sentenced to confinement in the Jefferson County jail for a period of one year on a charge of attempted storehouse breaking. While serving this sentence he applied to the county judge of Jefferson County for parole, and that judge entered the following order:

"IT IS NOW ORDERED AND ADJUDGED: That said Andrew Howard Murphy be and he is hereby discharged by parole from further confinement in the Jefferson County Jail on said charge, said discharge to be effective this date."

Appellee, the sheriff of Jefferson County, refused to honor that order and this habeas corpus proceeding resulted.

KRS 439.175 (enacted in 1962) provides:

"(1) Parole may be granted to persons convicted of a misdemeanor and sentenced to jail *under the same terms and conditions as parole may be granted for conviction in felony cases.*

"(2) The power to grant parole shall be vested in the county judge of the coun-

ty wherein the misdemeanant may be confined." (Emphasis added.)

The constitutional validity of this statute is questioned. It is contended the act violates section 51 of the Kentucky Constitution, relating to the title of acts, and section 77 thereof, which empowers the Governor to commute sentences and grant reprieves and pardons. We find it unnecessary to consider these two sections because we believe the law must be declared void on another ground.

The trial court held that section 27 of the Kentucky Constitution was violated by the act. That section simply provides for the separation of legislative, executive and judicial powers. It was the view of the trial judge that, under a principle long recognized, where the legislature fails to set up adequate standards under which a law may be administered, the delegation of uncertain duties to an administrative agency constitutes an unconstitutional delegation of legislative power. Among the cases applying this principle are Bloemer v. Turner, 281 Ky. 832, 137 S.W.2d 387; and Dawson v. Hamilton, Ky., 314 S.W.2d 532. However, in our more recent case of Commonwealth v. Associated Industries of Kentucky, Ky., 370 S.W.2d 584, we recognized that the "delegation of legislative power" theory as a test of constitutional validity was of questionable soundness.

All parties apparently agree that the statute under consideration was hastily drawn and is ambiguous. All parties have assumed this to be a valid law unless it violates some specific provision of the Kentucky Constitution, but there is another ground upon which we may declare this enactment ineffective as a law. That is the lack of intelligibility. In other words, if the language of a law is so ambiguous as to completely obscure the legislative intent and to defy rational meaning, it is simply inoperative as a law. We were confronted with precisely the same problem in Kerth v. Hopkins County Board of

Education, Ky., 346 S.W.2d 737. Therein we stated (page 741):

"The question is not whether the legislature illegally delegated its powers but whether it failed to delegate any power in this respect by failing to prescribe the manner of its exercise."

■ Some question is raised as to whether the county judge is a judicial or administrative officer, the contention being made that parole is an executive rather than a judicial function. See Huggins v. Caldwell, 223 Ky. 468, 3 S.W.2d 1101. Clearly the county judge could be authorized to perform an executive or administrative function, and the legislature could properly delegate to him, as it delegates to the Parole Board under KRS 439.330, the power of granting parole. See Tincher v. Commonwealth, 208 Ky. 661, 271 S.W.2d 1066, 1068. The difficulty is determining the scope of the power vested in the county judge by the statute under consideration (KRS 439.175).

■ We think it evident the legislature intended to establish some *system* under which misdemeanants could be paroled as felons may be paroled. With this laudable purpose in mind, the legislature totally failed to set up a workable method of procedure. The act does not purport to vest in the county judge the power to grant unconditional parole in his absolute discretion. If so construed, it would in effect vest the power to pardon, which is a power reserved to the Governor by section 77 of the Kentucky Constitution. In actuality the order of the county judge by which appellant was "discharged by parole" was nothing short of a pardon.

The legislature did not authorize such a discharge. KRS 439.175(1) provides that parole may be granted *"under the same terms and conditions as parole may be granted"* for conviction in felony cases". (Emphasis added.) What terms and conditions? The statutory system for parole of felons is quite complex. KRS 439.320

to KRS 439.520 provide for a Parole Board with many duties, among which are the promulgation of rules and regulations governing the eligibility of prisoners for parole and the appointment of parole officers. These statutes also provide for retention of the prisoner, supervision, discharge, and other matters.

What did the legislature have in mind in using the words "terms and conditions?" Did it mean that the county judge should take into consideration those matters specified for the Parole Board under KRS 439.340? Did it mean that a prisoner could be paroled only after arrangements had been made for his proper employment or his maintenance and care, a condition imposed by KRS 439.340(2)? We do not know and have no way of finding out.

One of the conditions of parole where felons are involved is that the prisoner shall be amenable to the orders of the Parole Board and the Division of Probation and Parole. (KRS 439.346) Would a prisoner paroled by the county judge be subject to this supervision?

When we think of "terms and conditions" in connection with parole, we would normally consider those restrictions which apply to each individual parolee and which of course may differ with each individual case. But the legislature apparently did not use those words in that sense because the statute refers to "terms and conditions" of *granting* parole. The only way the county judge could comply with this direction would be to set up the entire machinery which governs the Parole Board's functions. Yet the statute does not prescribe a method of doing this and the county judge simply does not have the facilities of the Parole Board.

■ The order in this case indicates the county judge did not consider himself bound by *any* terms and conditions. Apparently he did not know what they were, nor do we. The function reposed in the county judge obviously required implementation.

The words "terms and conditions" as they pertain to *granting* parole, from either a practical or legal standpoint, are meaningless.

As stated in Folks v. Barren County, 313 Ky. 515, 232 S.W.2d 1010, 1013:

" * * * where the law-making body, in framing the law, has not expressed its intent intelligibly, or in language that the people upon whom it is designed to operate or whom it affects can understand, or from which the courts can deduce the legislative will, the statute will be declared to be inoperative and void. * * *."

The statute before us falls within that category. Though a program of parole for misdemeanants may be desirable,[1] it is obvious the legislature has so far failed to provide any machinery or method to carry out this objective. As we have noted, the General Assembly could not empower the county judge to pardon these prisoners. If, under this act, the county judge is subject to any restrictions, or is required to follow any procedures, we cannot comprehend what they are.

We find this statute to be an abortive effort. Its purpose cannot be effectuated under the language used. Though on a different ground, we must agree with the trial court that this law is a nullity.

The judgment is affirmed.

All concur.

1. See Report by the President's Commission on Law Enforcement and Administration of Justice, entitled "The Challenge of Crime in a Free Society" (1967), wherein it is said (page 166):
"Lack of community treatment facilities for misdemeanants and juveniles means the neglect of one of the most important lines of defense against serious crimes, since many persons with juvenile or misdemeanant records graduate to graver offenses. Lack of probation facilities also may mean that many minor and first-time offenders, who would be more suitably and economically dealt with in the community, are instead institutionalized. And lack of supervision, particularly through parole, means that the community is being exposed to unnecessary risks and that offenders are going without assistance in reestablishing themselves in jobs and schools."