**Rex BRAY, Appellant,**

v.

**Homer WEAVER, Jailer, Clay County, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

April 14, 1970.

Lester H. Burns, Jr., R. Cletus Maricle, Burns & Maricle, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Paul E. Hieronymous, McKee, Charles C. Smith, Manchester, for appellees.

PALMORE, Judge.

This is a habeas corpus proceeding in which the appellant, Rex Bray, claims he is being illegally held in custody by the appellee, Homer Weaver, Jailer of Clay County. He appeals from an adverse judgment of the Clay Circuit Court. KRS 419.-130.

On July 13, 1969, Bray pleaded guilty in the Justice of the Peace Court of Squire Donald Turner to the charge of illegally possessing alcoholic beverages in dry territory for the purpose of sale. KRS 242.230. He was fined $20 and costs, sentenced to 30 days in jail, and required to post a $500 bond for good behavior. KRS 242.990(1), 242.410. The judgment "suspended" the jail sentence but did not specify the duration or the conditions of the suspension.

On March 20, 1970, Bray was arrested on another liquor charge, whereupon the county attorney of Clay County instructed the Jailer to incarcerate him for the purpose of serving out the 30-day jail sentence imposed by the judgment of July 13, 1969, which was done. This proceeding ensued, and on the day of the hearing in circuit court Squire Turner signed a formal order of commitment directed to the Jailer.

**8**

It may be conceded for purposes of our discussion that the revocation of Bray's probation was not accomplished in accordance with the procedure required by KRS 439.300. The critical question is whether the "suspension" of the 1969 jail sentence was valid in the first place. Our conclusion is that it was not, and that Bray is now properly in custody for the purpose of serving that sentence.

The authority under which a Justice of the Peace may postpone the entry of judgment in a criminal case and place a defendant on probation is contained in KRS 439.-550, as follows:

> "439.550 *Inferior court may postpone the entering of judgment and probate defendant; exceptions; period and conditions of probation; arrest of probationer.*

> "(1) Whenever any person had been found guilty of a crime, upon verdict or plea, in any court inferior to the circuit court that court may postpone the entering of judgment and place the defendant on probation.

> "(2) This shall not be done unless the court, the welfare department of the city or the fiscal court of the county has provided facilities for the supervision of such persons.

> "(3) The period and conditions of probation and the discharge of such persons shall be in accordance with and pursuant to KRS 439.270 and 439.290.

> "(4) Such probationer may be arrested and his case disposed of according to KRS 439.300."

Whether, as the Attorney General suggests, this statute is subject to the reasoning under which KRS 439.175 (granting parole power to county courts) was held invalid in Murphy v. Cranfill, Ky., 416 S.W. 2d 363 (1967), is a question we need not reach in this case, because, even if it is valid, the express conditions under which it applies were not shown to exist.

 It is our opinion that the power of a court to place a defendant on probation under KRS 439.550 depends on compliance with all the conditions of that statute, and that it is incumbent upon one who invokes its protection to show that those conditions have been met. It is absolutely clear from KRS 439.550(2) that provision must be made for supervision. We think also that the judgment must specify the terms, conditions and duration of the probation. KRS 439.550(3). The record in this case does not show compliance with KRS 439.550, and it affirmatively discloses the absence of any provision for the terms, conditions and duration of the probation. We therefore conclude that so much of the 1969 judgment as purported to "suspend" the jail sentence was unauthorized surplusage. Cf. Weigand v. Commonwealth, Ky., 397 S.W. 2d 780 (1966).

The judgment is affirmed.

All concur.