Donald Ray POLSGROVE, Appellant,

v.

KENTUCKY BUREAU OF CORRECTIONS, Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1977.

Discretionary Review Granted May 17, 1977.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., George Geoghegan, III, Asst. Atty. Gen., Ray Corns, Commonwealth Atty., 48th Judicial Dist., Frankfort, for appellee.

Before GANT, COOPER and HOWERTON, JJ.

GANT, Judge.

The Appellant, Donald Ray Polsgrove, was arrested on an unspecified charge on November 19, 1974, and lodged in the Jefferson County Jail. He was subsequently convicted of the crime for which he was indicted and sentenced on September 26, 1975, to five years in the penitentiary. In the interim, he had served 317 days in the Jefferson County Jail. Upon his incarceration in the penitentiary, the Jefferson Circuit Court gave to the Appellant the credit of 317 days on his maximum sentence and the Bureau of Corrections awarded him 230 days adjusted jail credit time, in accordance with the policies of the Bureau of Corrections.

Appellant filed a petition in the Franklin Circuit Court for a Declaratory Judgment, requesting that the Bureau of Corrections be required to award "good time" credit for his pre-sentence custody. The Appellee filed a Motion to Dismiss in the Franklin Circuit Court and on May 27, 1976, an order dismissing this petition was entered therein.

Appellant urges as error the dismissal of the Appellant's petition on the ground that the Appellant was not entitled to "good time" credit under Ky.Rev.Stat. 532.120(3) and that the Trial Court's dismissal of the Appellant's petition denied him his right to equal protection under the Fourteenth Amendment to the Constitution of the United States.

Before deciding the case on the grounds urged by the Appellant, the Court must first determine whether or not this action was properly brought. The Honorable David E. Murrell, Deputy Public Defender, filed a brief herein and argued the case before the Court, but in his own work, *Kentucky Criminal Practice*, states as follows:

"If a defendant is seeking release on other grounds besides showing that the judgment is void, he *must* do so by Petition for Writ of Habeas Corpus. For example, if the defendant contends that the State has lost jurisdiction over the defendant by unlawfully transferring him to another state before he is rearrested and incarcerated within the State, he *must* attack the legality of his detention through a Writ of Habeas Corpus. See *Herndon v. Wingo*, Ky., 399 S.W.2d 486 (1966) . . . Habeas corpus is the *proper* remedy in any case where the defendant is seeking immediate release from custody; and where he is attacking the legality of his detention on grounds other than that the judgment is void. See *Spurlock v. Noe*, Ky., 467 S.W.2d [320] 329 (1971); *Bray v. Weaver*, Ky., 453 S.W.2d 7 (1970); *Murphy v. Cranfill*, Ky., 416 S.W.2d 363 (1967)." (Emphasis added.)

While Mr. Murrell does not mention the case at bar and parenthetically the Court

has found no State cases stating that habeas corpus is the exclusive remedy in this type of action, the Federal cases seem to so hold. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), three New York State prisoners brought a civil rights action under 42 *U.S.C.* § 1983 in the United States District Court for the Northern District of New York, challenging the constitutionality of disciplinary action by the New York State Department of Correctional Services in depriving them of good conduct time credits. The prisoners had elected to participate in New York's Conditional-Release Program by which a prisoner serving an indeterminate sentence may earn up to ten days per month good-behavior-time credits toward reduction of his maximum sentence. For in-prison disciplinary reasons the good-time credits of each were cancelled. In conjunction with the civil rights action, they brought a habeas corpus action claiming that their credits were unconstitutionally cancelled in seeking their restoration. They alleged no damages, but only that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement. The Supreme Court stated the issue in the case as follows:

"The statute is a general one, and, despite the literal applicability of its terms, the question remains whether the specific federal habeas corpus statute, explicitly and historically designed to provide the means for a state prisoner to attack the validity of his confinement, must be understood to be the exclusive remedy available in a situation like this where it so clearly applies."

The Court, in an opinion by Justice Stewart expressing the views of six members of the Court, held that when a state prisoner challenges the very fact or duration of his physical imprisonment and seeks immediate or speedier release from imprisonment his sole Federal remedy is a writ of habeas corpus which requires that he exhaust effective available state remedies and he cannot maintain a suit for such relief under 42 *U.S.C.* § 1983.

The Court gives some insight in how to answer the case at bar which is strikingly similar when it stated:

"It is clear to us that the result must be the same in the case of a state prisoner's challenge to the fact or duration of his confinement, based, as here, upon the alleged unconstitutionality of state administrative action. Such a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration."

The Court, in distinguishing the decisions upholding the right of state prisoners to bring Federal civil rights actions to challenge the conditions of their confinement, stated that:

" . . . none of the state prisoners in those cases was challenging the fact or duration of his physical confinement itself, and none was seeking immediate or speedier release from that confinement— the heart of habeas corpus."

A later case, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) distinguished *Rodriguez* by stating that if the action brought challenging the prisoner's illegal confinement seeks damages then habeas corpus is not the appropriate or available remedy but that a Declaratory Judgment Action would be proper. In the case at bar, Polsgrove did not seek damages but only to be released from his confinement. Therefore, it is our opinion that the case should be dismissed, since it was brought in an improper fashion.

■ However, the Court feels it would be remiss in not setting out proper guidelines in the event an habeas corpus action is brought in the Franklin Circuit Court. First, it is the opinion of this Court that the Kentucky Bureau of Corrections is the proper party herein. Ky.Rev.Stat. Chapter 197 is directed to the Bureau of Corrections and not to the circuit court, while Ky.Rev. Stat. Chapter 532 is directed toward the

circuit court. In the instant case, the actual jail time of 317 days was credited by the court toward the service of the maximum term of imprisonment as required by Ky. Rev.Stat. 532.120(3). The following sentence relating to consideration of time spent in custody prior to the commencement of sentence can only be applied by the Bureau of Corrections pursuant to Ky.Rev. Stat. 197.045(1).

█ Second, it was brought to the attention of the Court during oral arguments that it has long been the policy of the Bureau of Corrections to automatically give credit for "good time" upon the admission of the prisoner to the penitentiary. We feel that this policy is beyond the contemplation of the Legislature as expressed in Ky.Rev. Stat. 197.045(1). It is our opinion that this time must be earned and not automatically given. In that section of the statutes the Legislature refers to "good time previously earned" and the "right to earn good time." Obviously, this contemplates that the prisoner must first do something before the good time credited is given to him and that failure to abide by the laws of the institution or commission of any offense during confinement may result in revocation of previously earned good time or denying the prisoner the right to earn future good time based upon the type of conduct. We are informed that the Bureau of Corrections will cease this practice of its own volition, but we feel that it is necessary to comment upon this in this opinion.

█ It is the further opinion of this Court that there is no valid distinction since the adoption of the Penal Code in giving credit for good time while the prisoner is in the penitentiary and credit for good time on time spent in custody prior to the commencement of his sentence. Adequate investigation of the custodial performance of the prisoner prior to the commencement of his sentence must be made in connection with this and it must be ascertained that the "time spent in custody prior to the commencement of . . . sentence" shall be free of any offense or any violation of the rules of the jail in which he was confined. Such investigation should be made prior to the commencement of his sentence in the State penal institution and a report made and filed in the record accompanying the prisoner.

For the reasons above stated, the order of the lower court is affirmed.

All concur.