Michael L. BELL, Plaintiff–Appellant,

v.

Ronald COOPER and Louisville Police Department, Defendants–Appellees.

No. 88–5248.

United States Court of Appeals, Sixth Circuit.

Argued May 22, 1989.

Decided July 27, 1989.

---

Winston E. King, Asst. Law Director (argued), Louisville, Ky., for defendants-appellees.

Michael Louis Bell, Louisville, Ky., Michael J. Athans (argued), Lord, Bissell & Brook, Atlanta, Ga., for plaintiff-appellant.

Before WELLFORD and MILBURN, Circuit Judges; and ALDRICH, District Judge.*

WELLFORD, Circuit Judge.

On June 5, 1987, Michael Bell initiated *pro se* this 42 U.S.C. § 1983 action in the United States District Court for the Western District of Kentucky alleging that Ronald Cooper, a Louisville police officer, violated Bell's civil rights while acting under color of state law when he shot Bell three times during his arrest on December 18, 1984. He also sued the Louisville Police Department in a later amended complaint. On July 8, 1987, the defendants filed a motion to dismiss Bell's complaint because the complaint was allegedly barred by Kentucky's one year statute of limitations. Ky.Rev.Stat.Ann. § 413.140(1)(a) (1972 & 1988 Supp.). Initially the district court denied Cooper's motion concluding that the Kentucky's statute of limitations was tolled by KRS 413.310 [1] while Bell was in prison.

In the episode which resulted in this action Bell was shot by Cooper while the latter was attempting to place him under arrest. Cooper contended that Bell had aimed a pistol at him in the confrontation before Cooper fired the shots. Bell filed a guilty plea to one count of wanton endangerment and has been in a Kentucky prison from December 18, 1984 to the time of filing this suit.

Relying on our decision in *Higley v. Michigan Department of Corrections*, 835 F.2d 623 (6th Cir.1987), the district court later granted defendants' motion to dismiss on the basis of the one year statute of limitations and held that Kentucky's tolling statute, KRS 413.310, did not apply.

We had concluded after oral argument in this case that we would reverse because *Higley* did not apply to a situation in which the § 1983 action arose outside the prison context and prior to incarceration. The Supreme Court, moreover, issued an opinion on May 22, 1989 in *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), that overruled the *Higley* decision.

We must accordingly reverse the decision of the district court and remand for further proceedings consistent with *Hardin v. Straub*.

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Ky.Rev.Stat.Ann. § 413.310 (1972 & 1988 Supp.) states:

Plaintiff's confinement in penitentiary.—The time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action.