**Karen BROWN, Plaintiff–Appellant,**

v.

**John T. WIGGINTON; Betty Kassulke; Sherry Troxell; Rosby Glover; Marie Loving; Linda Dewitt; Captain Ann Smith; Deputy Warden Stout; Keith Zimmerman; Lance Oerther; Damon Scott; and Captain Miles Sullivan, Defendants–Appellees.**

No. 91–6369.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1992.

Decided Dec. 21, 1992.

Michael A. Valenti (argued and briefed), Hirn, Reed, Harper & Eisinger, Louisville, KY, for plaintiff-appellant.

Karen Brown, pro se.

Susan Alley (argued and briefed), Office of Gen. Counsel Corrections Cabinet, Frankfort, KY, for defendants-appellees.

Before: MERRITT, Chief Judge; and GUY and RYAN, Circuit Judges.

PER CURIAM.

Plaintiff Brown's 42 U.S.C. § 1983 action was dismissed as being time barred under the one-year statute of limitations applicable to section 1983 actions in Kentucky. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179 (6th Cir.1990).

Brown, a Kentucky prison inmate, filed a section 1983 action against prison officials on July 9, 1991. The complaint arose from disciplinary actions taken against Brown in 1988 and 1989. It is agreed that her cause of action accrued not later than August 13, 1989. There is also no dispute that in Kentucky there is a one-year statute of limitations on section 1983 actions. There is a complicating factor, however. In August of 1989 when this claim arose, Kentucky Revised Statutes § 413.310 provided that "the time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action." Tolling provisions of this nature are applicable to section 1983 actions. *Hardin v. Straub*, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). This statutory section was repealed, however, effective July 13, 1990.

The district court concluded that under Kentucky law a plaintiff, after the repeal, had a "reasonable" time to bring an action. Specifically, the trial judge stated:

Plaintiff waited almost one year after the repeal's effective date before filing her complaint. The Court concludes that plaintiff's one year delay was beyond the parameters of a reasonable time beyond having notice of the repeal of KRS 413.-310. *Cf. Boothe, supra,* (Fifty-eight (58) days after repeal's effective date held to be a reasonable time.). Therefore, the Court shall deny plaintiff's motion to vacate the July 30, 1991 Order dismissing plaintiff's complaint.[1]

The trial court did not purport to state what a reasonable time might be, but decided that almost one year was too long. No reasons were set forth for this conclusion.[2]

Without attempting to set forth a rule to guide all cases, our conclusion in this case is that plaintiff should have been given one year from the effective date of the repeal to file her complaint. We reach this result primarily because, on the facts here, the tolling statute did not interrupt the statute of limitations but rather kept it from ever starting. Since the statute had never started to run, we think it is reasonable to give the plaintiff the benefit of the full one year. We are also influenced in our decision by the fact that the Kentucky one-year statute is as short as is to be found as a limitations period for section 1983 actions. If we were dealing with a three or four-year statute, the result might be different. Similarly, the time that the tolling had been in effect might also dictate a different result.

Finally, we note that defendants have made no claim that the passage of time has in any way prejudiced their ability to defend this lawsuit.

REVERSED and REMANDED for further proceedings.

---

1. The court's reference to *Boothe* refers to *Boothe v. Special Fund,* 668 S.W.2d 66 (Ky.Ct. App.1984).

2. Both plaintiff and defendants agree on appeal that the "reasonable time" standard is the correct one to apply, but differ as to what constitutes a reasonable time.