989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick SHACKLEFORD, Plaintiff-Appellant,
v.
Jim DECKER; Jim Ryan; Mike Starnes; Damien Stanton; R.
Wayne Alexander; James Booher; John Doe,
Transporting Officer; Gene Weaver;
John Schickle, Defendants-Appellees.
 No. 92-5882.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1993.
 
 Before KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Patrick Shackleford appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Shackleford sued numerous Kentucky correctional and law enforcement personnel, alleging that the defendants violated his constitutional rights when they used excessive force at the time of his arrest and were deliberately indifferent to his injuries suffered at that time. The district court granted the defendants' motion to dismiss, concluding that Shackleford's claims were barred by the applicable statute of limitations. Shackleford has filed a timely appeal.
 
 
 3
 We give de novo review to a district court's dismissal of a suit pursuant to Fed.R.Civ.P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). We construe the complaint in the light most favorable to the plaintiff, accept all his factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 4
 Shackleford argues that the district court improperly concluded that his claims were barred by the statute of limitations. A one year statute of limitations applies to § 1983 civil rights actions arising in Kentucky. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). The events underlying Shackleford's claims occurred on March 16, 1990, and Shackleford's complaint is considered filed as of December 2, 1991, when he tendered his complaint with a request to proceed in forma pauperis. See Dean v. Veteran's Admin. Regional Office, 943 F.2d 667, 671 (6th Cir.1991), judgment reversed on other grounds, 112 S.Ct. 1255 (1992). While Shackleford's suit was not filed within one year of the events underlying his suit, Ky.Rev.Stat. § 413.310 previously tolled the limitations period during an individual's incarceration in a Kentucky penitentiary. See Bell v. Cooper, 881 F.2d 257, 258 (6th Cir.1989). However, the Kentucky legislature repealed § 413.310, effective July 13, 1990. This court recently determined that prisoner claims existing prior to the repeal of § 413.310 must be filed within one year following the repeal of the statute to be timely. Brown v. Wigginton, 981 F.2d 913 (6th Cir.1992). As Shackleford did not file his complaint until December 2, 1991, five months after the one year grace period, the district court dismissed the suit as untimely.
 
 
 5
 Shackleford argues that his failure to file a timely complaint following the repeal of Ky.Rev.Stat. § 413.310 should be excused because he had no notice of the repeal of the tolling statute. If his argument is liberally construed, see Jones v. Duncan, 840 F.2d 359, 361 (6th Cir.1988), Shackleford is arguing that the statute of limitations should be equitably tolled in this case. Several factors are reviewed in deciding whether to apply equitable tolling, including: (1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988).
 
 
 6
 As Shackleford's factual allegations must be accepted as true in reviewing a motion to dismiss, Meador, 902 F.2d at 475, we conclude that Shackleford's argument for equitable tolling is sufficient to defeat the defendants' motion to dismiss. Shackleford alleges that the law library at the facility where he was incarcerated was inadequate and, specifically, that the legal materials did not provide him with notice of the repeal of Ky.Rev.Stat. § 413.310. If the prison law library did not have the information, it is unclear how Shackleford could have discovered the repeal of § 413.310. If such was the case, it would be appropriate to apply the doctrine of equitable tolling to this case. The defendants have presented no evidence disproving Shackleford's allegations (nor would it be appropriate to consider that evidence in reviewing a motion to dismiss).
 
 
 7
 Accordingly, because it was inappropriate to dismiss Shackleford's complaint as untimely in the pleading stage of this litigation, we vacate and remand the district court's judgment for further consideration. We intimate no opinion as to the ultimate merits of plaintiff's equitable tolling argument or the merits of his underlying claims. Rule 9(b)(3), Rules of the Sixth Circuit.