993 F.2d 1546
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe L. COLLINS, Plaintiff-Appellant,
v.
Jailer John BOWLING; Acting Jailer Imojean Bowling,
Defendants-Appellees.
 No. 92-5621.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 1
 Before GUY and NELSON, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 Joe L. Collins is a former Kentucky prisoner who appeals a district court judgment dismissing his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Collins alleged that the defendants violated his constitutional rights by restricting his access to prescribed medication while he was in jail. On April 17, 1992, the district court dismissed his complaint because it had not been filed within the applicable statute of limitations. The court denied a motion for reconsideration on April 27, 1992. It is from this judgment that Collins now appeals.
 
 
 4
 It is undisputed that Collins's cause of action accrued no later than September 12, 1989, and that he filed his complaint approximately a year and a half later, on April 26, 1991. Thus, the district court found that Collins's claim was barred by the one-year statute of limitations that controls § 1983 actions which arise in Kentucky. Cf. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). However, the court did not consider the applicability of Ky.Rev.Stat. § 413.310 (repealed July 13, 1990). Prior to its repeal, § 413.310 tolled the limitations period during a plaintiff's incarceration. Since Collins's claim accrued before the tolling statute was repealed, the district court should have considered whether his complaint was filed within a reasonable time, even though it would otherwise be barred by the statute of limitations. See Brown v. Wigginton, 981 F.2d 913, 914 (6th Cir.1992).
 
 
 5
 Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation