993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest NEWTON, Plaintiff-Appellant,
v.
William C. SEABOLD; Joe Stuart; Evelyn Green; Lana J.
Conger; Jane Doe, Member Adjustment Committee;
Jack Reece, Defendants-Appellees.
 No. 91-6498.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before MILBURN, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Ernest Newton, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Newton sued several Kentucky prison officials in their individual and official capacities for allegedly violating his due process rights. Newton was charged with being under the influence of a drug or intoxicant. Following a disciplinary hearing, the adjustment committee found Newton guilty of the charge and sentenced him to forty-five days of segregation. Newton essentially claimed that defendants violated his constitutional rights because: 1) no urinalysis or blood test was conducted; 2) a defective incident report was rewritten; 3) there was insufficient evidence to support the adjustment committee's decision; and 4) the committee was not impartial.
 
 
 3
 Defendants moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) arguing that the complaint was barred by Kentucky's one-year statute of limitations. The district court granted defendants' motion and dismissed the case. In this timely appeal, Newton argues that his case was not barred by Kentucky's statute of limitations. He requests oral argument and the appointment of counsel.
 
 
 4
 The district court's order dismissing the complaint against the defendants pursuant to Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). The court construes the complaint in the light most favorable to Newton and accepts all the factual allegations as true to determine whether Newton can prove any set of facts in support of his claims that would entitle him to relief. Meador, 902 F.2d at 475.
 
 
 5
 Newton's alleged injuries accrued not later than December 27, 1989. Newton's tendered complaint and application to proceed in forma pauperis was submitted to the district court on April 10, 1991, sixteen months after his claims accrued. Although Kentucky has a one-year statute of limitations applicable to § 1983 actions, Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 183 (6th Cir.1990), at the time Newton's claims accrued, Kentucky law provided that the one-year statute of limitations would be tolled during an individual's incarceration. Ky.Rev.Stat. § 401.310. However, this tolling provision was repealed by the Kentucky legislature, effective July 13, 1990.
 
 
 6
 In Brown v. Wigginton, 981 F.2d 913, 914 (6th Cir.1992) (per curiam), this court held that a plaintiff should be given the benefit of a full year following the repeal of the tolling statute in which to file his complaint. In addition, the appellees concede in their letter-brief filed in light of Brown, that the complaint should be considered timely filed.
 
 
 7
 Accordingly, we deny the requests for relief and vacate and remand the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.