993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dewayne WARTHEN, Plaintiff-Appellant,
v.
UNITED STATES of America; Robert Runyon, Correctional
Officer; Jeff Masters, Correctional Officer; Brydie,
Correctional Officer; Dr. Vern Strubeck; Dr. Washington;
Dr. Duncan; Physician's Assistant Jerry, Defendants-Appellees.
 No. 92-5190.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Dewayne Warthen appeals a district court judgment dismissing his civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Warthen sued the United States and several of its correctional employees, alleging that the defendants violated his constitutional rights when they assaulted him and were deliberately indifferent to his medical needs. Over Warthen's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Warthen's claims were barred by the applicable statute of limitations, and granted summary judgment for the defendants. Warthen has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court improperly granted summary judgment for the defendants. This court's review of a grant of summary judgment is de novo. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 We conclude that Warthen filed his complaint in a timely manner. See Brown v. Wigginton, 981 F.2d 913, 914 (6th Cir.1992) (per curiam). A one year statute of limitation applies to Bivens-type civil rights actions arising in Kentucky. McSurely v. Hutchison, 823 F.2d 1002, 1005-06 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). The events underlying Warthen's claims occurred in September and October of 1986. Warthen's complaint is considered filed on December 20, 1990, when Warthen submitted a motion to proceed in forma pauperis with his complaint. See Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir.1991), judgment reversed on other grounds, 112 S.Ct. 1255 (1992). While Warthen's suit was not filed within one year of the events underlying his suit, Ky.Rev.Stat. § 413.310 previously tolled the limitations period during an individual's incarceration in a penitentiary. See Bell v. Cooper, 881 F.2d 257, 258 (6th Cir.1989). Because the Kentucky legislature repealed § 413.310, effective July 13, 1990, Kentucky law requires, under these circumstances, that prisoner claims existing prior to the repeal of § 413.310 be filed within a reasonable time following the repeal of the statute. See Brown, 981 F.2d at 914. Based on the facts in Brown, the court concluded that one year was a reasonable period of time. Id.
 
 
 5
 We likewise conclude that Warthen's complaint was filed within a reasonable time following the repeal of § 413.310. Section 413.310 did not interrupt the running of the statute of limitations in this case but rather kept it from ever starting to run. Warthen also filed his complaint within six months of the repeal of the statute.
 
 
 6
 Accordingly, we vacate and remand the district court's judgment for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.