56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Patrick SHACKLEFORD, Plaintiff-Appellant,
v.
Jim DECKER; Gene Weaver; Jim Ryan; Mike Starnes; Damien
Stanton; James Booher; Wayne Alexander; John Doe,
Transporting Officer, Defendants-Appellees,
John Shickle, Defendant.
 No. 94-6464.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1995.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and HOLSCHUH, Chief District Judge.*
 
 ORDER
 
 2
 Patrick Shackleford, a Kentucky citizen, appeals pro se the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Shackleford filed this action against numerous Kentucky law enforcement officials, alleging that the defendants had employed excessive force in arresting him and then were deliberately indifferent to his need for medical attention to the injuries he suffered. The defendants moved to dismiss the action as barred by the one year statute of limitations governing Sec. 1983 actions in Kentucky, as the events complained of took place on March 16, 1990, but the complaint was not filed until December 2, 1991. Shackleford responded that the statute of limitations was tolled by the application of Ky. Rev. Stat. Sec. 413.310 during his incarceration. Although that statute was repealed effective July 13, 1990, Shackleford also argued that he was unaware of the repeal due to the allegedly inadequate law library at his place of incarceration. The district court dismissed the action, and Shackleford appealed. This court vacated the dismissal and remanded the case to determine whether equitable tolling should apply under the facts alleged by Shackleford. Shackleford v. Decker, No. 92-5882 (6th Cir. Mar. 24, 1993).
 
 
 4
 On remand, Shackleford was deposed. It was learned that he was not continuously incarcerated following the accrual of his cause of action, but in fact was released on bond from October 15, 1990, through November 15, 1990. Further, he had consulted several attorneys about filing an action against the defendants, and allegedly received erroneous advice concerning the statute of limitations, on the basis of which he was pursuing a malpractice action in Kentucky state courts. On the basis of this new information, defendants moved for and were granted summary judgment. The district court properly found that, under the circumstances, Shackleford could not invoke the doctrine of equitable tolling based on his ignorance of the law. Cf. Rose v. Dole, 945 F.2d 1331, 1335-36 (6th Cir. 1991) (per curiam).
 
 
 5
 Shackleford has again appealed, but has abandoned his argument regarding equitable tolling. Instead, he invites the court to find an exception to the law of the case doctrine and to conclude that the panel in his prior appeal was clearly erroneous in finding that his complaint was barred by the statute of limitations unless equitable tolling were applied. He also in effect seeks the overruling of Brown v. Wigginton, 981 F.2d 913 (6th Cir. 1992) (per curiam), a factually similar case which the prior panel found controlling here, wherein a plaintiff incarcerated at the time the Kentucky tolling statute was repealed was given one year from the date of the repeal to file a timely complaint.
 
 
 6
 Upon review, we conclude that the defendants were properly granted summary judgment, as there is no genuine issue of material fact, and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). We decline the invitation to find an exception to the law of the case doctrine or to overrule Brown, supra, as even the application of the tolling statute to the facts of this case would not render Shackleford's complaint timely. He does not dispute that he was released from imprisonment from October 15, 1990, through November 15, 1990. Accordingly, even if the statute of limitations did not begin to run until such release, his complaint filed on December 2, 1991, was nevertheless barred by the statute of limitations. Accordingly, the summary judgment for defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John D. Holschuh, Chief United States District Judge for the Southern District of Ohio, sitting by designation