67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. HOLLAND, Plaintiff-Appellant,
v.
John C. RUNDA, Former Chairman Parole Board; Ron Simmons,
Former Chairman Parole Board; Phil Parker,
Warden; Patti Webb, Deputy Warden,
Defendants-Appellees.
 No. 95-5295.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 1
 Before: NORRIS, SUHRHEINRICH and GIBSON,* Circuit Judges.
 
 ORDER
 
 2
 John M. Holland, a pro se prisoner incarcerated at the Indiana State Penitentiary, appeals a district court's orders granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and declaratory relief, Holland sued two members of the Kentucky Parole Board, various officials and employees of the Kentucky Corrections Department, and other named and unnamed individuals alleging that the defendants forced him to sign an altered parole certificate in January of 1989 in violation of his right to due process. Defendant Runda allegedly altered the original parole certificate issued by defendant Simmons in retaliation for Holland exercising his constitutional right to contest extradition to the state of Indiana. Holland also alleged that he was denied his constitutional right of proper access to the courts. Specifically, he claimed that the defendants interfered with his access to the courts when they refused to transfer several boxes of legal pleadings with him upon his transfer to the Kentucky State Penitentiary (KSP). He also claimed that the defendants denied him access again when mail he later sent to his brother was rejected. At this latter time, Holland was an inmate in Indiana and his brother was housed at KSP.
 
 
 4
 A magistrate judge issued his Findings of Fact, Conclusions of Law and Recommendation recommending that summary judgment be entered in favor of Runda and Simmons. Despite Holland's objections, the district court adopted the Findings of Fact, Conclusions of Law and Recommendation in an order entered October 31, 1994.
 
 
 5
 The remaining defendants filed motions for summary judgment on Holland's claim that he was denied his constitutional right to proper access to the courts. In a memorandum opinion and order entered February 6, 1995, the district court granted summary judgment in favor of the remaining defendants after concluding that Holland suffered no injury and, in any event, the prison records policies did not violate constitutional standards. This timely appeal followed.
 
 
 6
 Upon review, we conclude that summary was proper as there were no genuine issues as to any material fact and the defendants were entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 7
 Defendants Runda and Simmons were entitled to a judgment as a matter of law because Holland's claims against these defendants are barred by the applicable limitations period. The limitations period for filing a civil rights complaint under 42 U.S.C. Sec. 1983 is determined by looking at the most analogous personal injury statute of limitations of the state in which the complaint was filed. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). Kentucky's one year statute of limitations contained in Ky.Rev.Stat.Ann. Sec. 413.140(1)(a) (Michie 1992) applies to civil rights claims arising in Kentucky. Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990); Bell v. Cooper, 881 F.2d 257, 258 (6th Cir.1989).
 
 
 8
 Holland alleged that defendants Runda and Simmons violated his constitutional rights during a course of events occurring in January 1989. Holland's grounds for tolling the statute of limitations are unavailing. The complaint, filed January 5, 1994, was untimely.
 
 
 9
 The remaining defendants were entitled to judgment as a matter of law insofar as Holland alleged that these defendants denied him access to the courts. The district court concluded that Holland's allegations in general and litany of alleged First Amendment deprivations in particular, did not establish the required prejudice to his ability to pursue or continue litigation. An examination of the record confirms this conclusion, as it does not affirmatively appear that Holland suffered any loss of ability to litigate claims that he may have. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 10
 Regarding the prison records policy, Holland has failed to show how the prison's policy of rejecting legal pleadings from inmates at other prisons interferes with his own access to the courts. He has also failed to show how limiting his personal property to his own pleadings, or cases that he has been or is seeking an appointment as a legal aide, has denied him access to the courts. The prison policy of rejecting legal pleadings from inmates at other prisons is reasonably related to legitimate penological interests, as explained in the defendants' response to Holland's interrogatories. See Turner v. Safley, 482 U.S. 78, 89 (1987); Bell v. Wolfish, 441 U.S. 520, 547 (1979); Skelton v. Pri-Cor, Inc., 963 F.2d 100, 103-04 (6th Cir.1991) (per curiam), cert. denied, 503 U.S. 989 (1992). Even if it is assumed that the rights of other inmates were breached by the prison policy, Holland lacked standing to assert those rights. See Newsom v. Norris, 888 F.2d 371, 381-82 (6th Cir.1989). Afterall, inmates have no constitutional right to be "jailhouse lawyers." See Smith v. Maschner, 899 F.2d 940, 950 (10th Cir.1990).
 
 
 11
 Defendant Parker was entitled to judgment as a matter of law insofar as Holland sought to hold Parker liable solely because Parker is the supervisor of some of the other named defendants. Holland has neither alleged nor shown that defendant Parker knowingly acquiesced in the alleged misconduct. Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993).
 
 
 12
 Accordingly, the district court's orders are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation