Michael O'DEA, Appellant,

v.

Harold CLARK, Appellee.

Michael O'DEA, Appellant,

v.

Ricky JACKSON, Appellee.

Michael O'DEA, Appellant,

v.

Joseph BELL, Appellee.

Michael O'DEA, Appellant,

v.

Michael COUCH, Appellee.

Michael O'DEA, Appellant,

v.

Hays GLASSCOCK, Appellee.

Michael O'DEA, Appellant,

v.

Randall MADDEN, Appellee.

Michael O'DEA, Appellant,

v.

Steve BARRETT, Appellee.

Michael O'DEA, Appellant,

v.

Billy ESTEP, Appellee.

Michael O'DEA, Appellant,

v.

Elmer COOMER, Appellee.

Nos. 93–CA–000132–MR to 93–CA–000139–MR, and 93–CA–000141–MR.

Court of Appeals of Kentucky.

May 20, 1994.

Discretionary Review Denied by
Supreme Court Oct. 19, 1994
in No. 93–CA–000132.

John T. Damron, Susan Alley, Dept. of Corrections, Frankfort, for appellant.

Harold Clark, pro se.

Ricky Jackson, pro se.

Joseph Bell, pro se.

Michael Couch, pro se.

Hays Glasscock, pro se.

Randall Madden, pro se.

Steve Barrett, pro se.

Billy Estep, pro se.

Elmer Coomer, pro se.

Before EMBERTON, GARDNER and WILHOIT, JJ.

WILHOIT, Judge.

These appeals are from judgments in nine cases in which the lower court applied *Byerly v. Ashley*, Ky.App., 825 S.W.2d 286 (1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992), vacating administrative punishment of inmates at the Eastern Kentucky Correctional Facility imposed for the "unauthorized use of drugs or intoxicants." The *Byerly v. Ashley* case was decided December 6, 1991, and became final when the Kentucky Supreme Court denied discretionary review on April 1, 1992. In that decision, this court held that the failure of prison authorities to establish a sufficient chain of custody of a urine sample taken from an inmate allowed them to punish the inmates based upon "less than reliable" evidence and violated fundamental fairness. *Byerly v. Ashley*, 825 S.W.2d at 287–88. In that case the reliability of this evidence had been challenged in the administrative disciplinary hearing. A brief review of each case follows:

*Barrett:* On April 8, 1991, a urinalysis was conducted and the results received April 12, 1991, were positive for "THC Metabolites." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on April 16, 1991, and the adjustment committee found Barrett guilty of "unauthorized use of drugs or intoxicants" and assigned him to 15 days disciplinary segregation and ordered 60 days forfeiture of "good time." The record does not indicate and it was not alleged that Barrett challenged the urine sample chain of custody at the hearing or later before the warden. Barrett appealed to the warden who, on May 5, 1991, found the "chain of custody in order" and concurred with the adjustment committee finding no due process violations. On July 27, 1992, Barrett filed a petition for writ of habeas corpus in Morgan Circuit Court where he alleged for the first time that the chain of custody forms were incomplete. He requested release from unlawful restraint resulting from the actions of the adjustment committees and expunction of the incident reports from his record. An order was entered December 1, 1992, vacating Barrett's administrative punishment under *Byerly v. Ashley*.

*Bell:* On September 29, 1991, a urinalysis was conducted and the results received on October 6, 1991, were positive for "Benzodiazepines." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on October 14, 1991, and the adjustment committee found Bell guilty of "unauthorized use of drugs or intoxicants" and assigned him to 45 days disciplinary segregation and ordered 60 days forfeiture of "good time." The record does not indicate and it was not alleged that Bell challenged the urine sample chain of custody at the hearing or later before the warden. Bell appealed to the warden who, on November 5, 1991, concurred with the adjustment committee finding no due process violations. On June 18, 1992, Bell filed a complaint for declaratory relief in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested a declaration that the chain of custody was not adhered to; that

a due process violation occurred; that appellant is entitled to expunction of the incident report from his record; and that the entire disciplinary procedure and punishments flowing therefrom be rescinded. An order was entered December 1, 1992, vacating Bell's administrative punishment under *Byerly v. Ashley.*

*Clark:* On April 9, 1991, a urinalysis was conducted and the results received April 12, 1991, were positive for "THC Metabolites." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on April 16, 1991, where Clark pled guilty to "unauthorized use of drugs or intoxicants" and was assigned to 30 days disciplinary segregation (suspended 90 days) and ordered 60 days forfeiture of "good time." The record does not indicate and it was not alleged that Clark challenged the urine sample chain of custody at the hearing or later before the warden. Clark did not appeal to the warden, but it appears the warden concurred with the adjustment committee decision on May 9, 1991. On June 8, 1992, Clark filed a complaint for declaratory relief in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested a declaration that the chain of custody was not adhered to; that a due process violation occurred; that appellant is entitled to expunction of the incident report from his record; and that the entire disciplinary procedure and punishments flowing therefrom be rescinded. An order was entered December 1, 1992, vacating Clark's administrative punishment under *Byerly v. Ashley.*

*Coomer:* On September 3, 1992, a urinalysis was conducted and the results received September 20, 1992, were positive for "Meperidine." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on September 23, 1992, and the adjustment committee found Coomer guilty of "unauthorized use of drugs or intoxicants" and ordered 60 days forfeiture of "good time." The record does not indicate and it was not alleged that Bell challenged the urine sample chain of custody at the hearing or later before the warden. Coomer appealed to the warden, but his case does not appear to have been reviewed. On October 5, 1992, Coomer filed a petition for writ of habeas corpus in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested restoration of his "good time" and expunction of the incident report from his record. An order was entered December 1, 1992, vacating Coomer's administrative punishment under *Byerly v. Ashley.*

*Couch:* On February 2, 1992, a urinalysis was conducted and the results received February 6, 1992, were positive for "Benzodiazepines." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was continued from February 19, 1992, to February 27, 1992, and the adjustment committee found Couch guilty of "unauthorized use of drugs or intoxicants" and ordered 60 days forfeiture of "good time." Couch appealed to the warden who, on March 18, 1992, recited the chain of custody of the sample and concurred with the adjustment committee. On July 1, 1992, Couch filed a petition for declaratory judgment and memorandum of fact and law where he alleges that his counsel at the hearing "raised the issue of the chain of custody form that is to accompany the urine specimen at all stages." He requested restoration of his "good time" and expunction of the disciplinary report from his record. An order was entered December 1, 1992, vacating Couch's administrative punishment under *Byerly v. Ashley.*

*Estep:* On February 1, 1991, a urinalysis was conducted and the results received February 9, 1991, were positive for "Benzodiazepines." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on February 12, 1991, and the adjustment committee found Estep guilty of "unauthorized use of drugs or intoxicants" and ordered 60 days forfeiture of "good time." The record does not indicate and it was not alleged that Estep challenged the urine sample chain of custody at the hearing or later before the warden. Estep appealed to the warden who, on March 7, 1991, concurred with the adjustment committee finding no due process violations. On August 18, 1992, Estep filed a petition for declaratory relief in Morgan Circuit Court

where he alleges for the first time that the chain of custody forms were incomplete. He requested a declaration that the chain of custody was not adhered to; that a due process violation occurred; that appellant is entitled to expunction of the incident report from his record; and that the entire disciplinary procedure and punishments flowing therefrom be rescinded. An order was entered December 1, 1992, vacating Estep's administrative punishment under *Byerly v. Ashley.*

*Glasscock:* On August 27, 1991, a urinalysis was conducted and the results received August 31, 1991, were positive for "Cannabinoid." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on September 5, 1991, and the adjustment committee found Glasscock guilty of "unauthorized use of drugs or intoxicants" and ordered 60 days forfeiture of good time. The record does not indicate and it was not alleged that Glasscock challenged the urine sample chain of custody at the hearing or later before the warden. Glasscock appealed to the warden who, on September 25, 1991, concurred with the adjustment committee finding no due process violations. On July 17, 1992, Glasscock filed a petition for writ of habeas corpus in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested restoration of his "good time" and expunction of the disciplinary report from his record. An order was entered December 1, 1992, vacating Glasscock's administrative punishment under *Byerly v. Ashley.*

*Jackson:* On February 18, 1991, a urinalysis was conducted and the results received February 22, 1991, were positive for "THC Metabolite." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held on March 4, 1991, and the adjustment committee found Jackson guilty of "unauthorized use of drugs or intoxicants" and assigned him to 180 days suspension, 45 days disciplinary segregation, and ordered 60 days forfeiture of good time. The record does not indicate and it was not alleged that Jackson challenged the urine sample chain of custody at the hearing or later before the warden. Jackson appealed to the warden who, on March 20, 1991, concurred with the adjustment committee finding no due process violations. On June 18, 1992, Jackson filed a complaint for declaratory relief in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested a declaration that the chain of custody was not adhered to; that a due process violation occurred; that appellant is entitled to expunction of the incident report from his record; and that the entire disciplinary procedure and punishments flowing therefrom be rescinded. An order was entered December 1, 1992, vacating Jackson's administrative punishment under *Byerly v. Ashley.*

*Madden:* On June 25, 1991, a urinalysis was conducted and the results received July 7, 1991, were positive for "Cannabinoid." The chain of evidence form does not indicate who handled the specimen at the lab. A hearing was held July 12, 1991, and the adjustment committee found Madden guilty of "unauthorized use of drugs or intoxicants" and ordered 60 days forfeiture of good time. The record does not indicate and it was not alleged that Madden challenged the urine sample chain of custody at the hearing or later before the warden. Madden appealed to the warden who, on August 1, 1991, concurred with the adjustment committee finding no due process violations. On July 20, 1992, Madden filed a petition for declaratory judgment in Morgan Circuit Court where he alleges for the first time that the chain of custody forms were incomplete. He requested restoration of his "good time" and expunction of the incident from his file. An order was entered December 1, 1992, vacating Madden's administrative punishment under *Byerly v. Ashley.*

■ Though these nine cases were consolidated by this court, they contain distinguishing facts. The Clark case involved a guilty plea. Therefore, Clark waived his right to challenge the administrative punishment he received. The trial court erred in vacating Clark's administrative punishment.

■ With exception of Couch, the other appellees all failed to raise the reliability of the evidence against them until their actions

were filed in the circuit court. The failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of the agency's action. *See Personnel Board v. Heck,* Ky.App., 725 S.W.2d 13 (1986). The remaining appellees, other than Couch, also failed to challenge the chain of custody of the urine samples until filing their actions in the circuit court.

We might also point out that a petition for a writ of habeas corpus is clearly not an appropriate proceeding for the restoration of "good time" or expunging inmate records. *See Polsgrove v. Kentucky Bureau of Corrections,* Ky., 559 S.W.2d 736 (1977). Thus, it appears Couch properly preserved the issue for appeal.

The appellant argues that *Byerly v. Ashley, supra,* should be given only prospective application because it "established a new principle of law contrary to precedent established in the Federal Courts." We do not believe that it is a new principle of law that evidence relied upon by a fact finder must be reliable. We likewise do not believe that *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), stands for a contrary proposition. Surely that case does not stand for the proposition that the relatively minimal evidence required in these cases can be unreliable evidence.

The orders of the circuit court as to all of the appellees except Michael Couch are reversed. The order as to Michael Couch is affirmed.

All concur.