Danny GRAHAM, Appellant,

v.

Michael O'DEA, Appellee.

No. 93–CA–2926–MR.

Court of Appeals of Kentucky.

June 3, 1994.

Danny Graham, pro se.

Susan Alley and John T. Damron, Corrections Cabinet, Frankfort, for appellee.

Before LESTER, C.J., and GUDGEL and WILHOIT, JJ.

PER CURIAM:

The appellant has appealed the Morgan Circuit Court's denial of his petition for writ of habeas corpus. The petition sought restoration of good-time credits and the expunging of an incident report from his institutional record. Appellant's good-time credits had been lost in a prison disciplinary action resulting from the discovery of marijuana in the common area of a cell that the appellant shared with his brother. The appellant did not allege in the circuit court, nor has he alleged in the appellate Court, that if his good-time credits were restored he would be entitled to immediate release from custody.

In responding to the petition in circuit court, the respondent denied that appellant was being unlawfully detained, thus raising the issue of the applicability of KRS 419.020. The circuit court dismissed the petition without explanation.

This Court entered an order directing the parties to show cause why this case should not be transferred to the regular docket of the Court for briefing and assignment since the appellant was not asserting a right to immediate release. Having considered the responses from the parties to that show cause order, the Court is convinced that the transfer to the regular docket is unnecessary and the show cause order of January 5, 1994, is hereby set aside.

Because the appellant did not assert or prove a right to immediate release from custody, we find the circuit court order denying relief and dismissing the action to have

been proper. The decision of the circuit court is hereby affirmed.

KRS 419.020 provides:

The writ of habeas corpus shall be issued upon petition on behalf of anyone showing by affidavit probable cause that he is being detained without lawful authority or is being imprisoned when by law he is entitled to bail. The writ may be issued by any circuit judge on any day at any time and his power to issue such writs shall be coextensive with the Commonwealth.

The statute codifies the constitutional and common law right of an individual to petition a court to determine the legality of his detention. The sole purpose of the writ is to determine whether a person detained is entitled to release from that detention. The remaining sections of KRS Chapter 419 provide procedures for the expeditious processing of the petition in circuit court and for appeal to the Court of Appeals. However, this Court has noted an increasing number of instances in which the writ has been utilized by inmates to attempt to resolve disciplinary disputes with the Corrections Cabinet. Other procedures are available for the resolution of such disputes. *Polsgrove v. Kentucky Bureau of Corrections,* Ky., 559 S.W.2d 736 (1977); *O'Dea v. Clark,* Ky.App., 1994 WL 193896 (rendered May 20, 1994). The filing of a habeas corpus petition in such cases is not proper. Permitting such disputes to be resolved under the provisions of Chapter 419 would actually dilute the right to seek relief in proper cases by overburdening the statutorily provided procedures.

The significance of the writ of habeas corpus in the political and social development of our country cannot be denied. The "magic" of the writ has only been increased by its use as a jurisdictional base for the litigating of substantive and procedural criminal matters under federal law. However, our state habeas statute is not so expansive and other procedures are available to inmates or criminal defendants to seek review of disciplinary actions or alleged irregularities in the criminal process. *See for example Polsgrove v. Kentucky Bureau of Corrections, supra.*

KRS Chapter 419.020 clearly states that a petition for writ of habeas corpus may be issued on behalf of one "being detained without lawful authority." The statute applies only to individuals who can demonstrate that they are entitled to release from custody. Prison disciplinary disputes, such as the loss of good-time credits may be addressed by other means.

For the reasons stated above, the judgment of the circuit court dismissing this appellant's petition for writ of habeas corpus is hereby AFFIRMED.

All concur.