George MILLION, Warden, Appellant,

v.

Donald RAYMER, Appellee.

No. 2002–SC–0205–DG.

Supreme Court of Kentucky.

June 17, 2004.

---

Rebecca Baylous, Department of Corrections, John T. Damron, Corrections Cabinet, Office of General Counsel, Frankfort, Counsel for Appellant.

Allison Connelly, Assistant Professor of Law, University of Kentucky, Lexington, Counsel for Appellee.

Opinion of the Court by Justice GRAVES.

In November 1998, Appellee, Donald Raymer, an inmate at the Kentucky State

Penitentiary (KSP), was placed in administrative segregation pending an investigation into whether he had introduced contraband, namely marijuana, into the institution. Ultimately, Raymer was charged with two violations of Corrections Policy and Procedure (CCP): possession or promoting of dangerous contraband and developing a relationship with a correctional officer. Raymer was subsequently transferred to the Eastern Kentucky Correctional Complex (EKCC).

On January 12, 1999, Raymer appeared before the prison disciplinary committee at EKCC and pled guilty to having had a relationship with a correctional officer, but denied the contraband offense. Following the initial hearing, the committee found Raymer guilty of the contraband charge and penalized him with the loss of 180 days of accumulated good time, 180 days of telephone restriction, and 90 days in disciplinary segregation. Raymer successfully appealed to the EKCC Warden /Appellant herein, George Million, who reversed the committee's decision and ordered a new hearing. Following a second hearing before the committee on March 22, 1999, Raymer was again found guilty of the contraband charge but his penalty was reduced to 54 days in segregation, which he had already served.

Kentucky's CPP 15.6 requires that appeals of disciplinary proceedings be made to the warden in writing within 15 days of the committee's decision. In his effort to appeal from the second committee hearing, Raymer filed an open records request form on March 31, 1999, seeking a copy of the second hearing video tape. The record reflects that on April 2, 1999, Corrections Employee and Legal Aide Supervisor, Kathy Litteral, noted on Raymer's request form that the video equipment malfunc-

tioned during the second hearing and, as a result, there was no tape of the proceeding. It is unclear, however, exactly when Raymer became aware of this information.

On April 15, 1999, Warden Million affirmed Raymer's conviction, noting that the 15–day deadline for filing the appeal had passed. Nonetheless, Raymer filed an appeal on April 16, 1999. A notation at the bottom of the document indicates that the belated appeal was filed at the direction of Ms. Litteral. Raymer alleges in his brief that Ms. Litteral told his legal aide to "ignore the notice denying the appeal," and that Raymer's belated appeal would receive "full and proper consideration." While the Department of Corrections does not contest Raymer's version of the events, it does note that nothing on the belated appeal indicates that it was ever received by the appropriate authority.

Raymer alleges that he made several inquiries in the following months to Ms. Litteral regarding the status of his appeal. On June 1, 2000, Raymer filed a petition for declaratory judgment in the Morgan Circuit Court claiming that his due process rights under the Fourteenth Amendment to the United States Constitution were violated during the prison disciplinary hearings, and seeking an expungement of the disciplinary report. On July 7, 2000, the Morgan Circuit Court granted the Department of Corrections' motion to dismiss Raymer's petition as being time barred by the one-year statute of limitations set forth in KRS 413.140(1)(a).

The Court of Appeals, however, reversed the circuit court's decision, finding that Raymer's petition "asserted a claim specifically arising under the policies and procedures adopted by the Department of Corrections as authorized by the Legislature at KRS 196.030(1) and KRS

197.020(1)." Thus, the Court of Appeals ruled that Raymer's petition was timely filed under KRS 413.120(2), which allows five years for commencing "[a]n action based upon a liability created by statute, when no other time is fixed by the statute creating the liability."

This Court thereafter granted the Department of Corrections' motion for discretionary review. At issue in this case is the applicable statute of limitations for a civil declaratory judgment action alleging violation of an inmate's constitutional rights in a prison disciplinary proceeding.[1]

Appellant argues that, contrary to the Court of Appeals' decision, the five-year limitations period under KRS 413.120(2) is inapplicable to Raymer's claim because: (1) KRS 196.030[2], KRS 197.020[3], and CPP 15.6[4] are not statutes that create liability, and (2) Raymer's petition only asserted violations of his 14th Amendment due process rights. As such, Raymer's petition alleged the type of constitutional torts governed by the one-year statute of limitations found in KRS 413.140(a).

Raymer responds that the five-year statute of limitations applies to prison disciplinary proceedings because the constitutionally-required procedural protections arise due to rights conferred upon the inmate under Kentucky Law. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Black v. Parke*, 4 F.3d 442 (6th Cir.1993). Essentially, Raymer contends that, although the state is under no duty to provide these rights or entitlements, once the state creates them it is required to provide procedural due process before denying the right or entitlement. *Wolff, supra.* Raymer argues that the state-created right at issue in this case finds its origin in the Kentucky Constitution § 254. KRS 196.030(1)(a) and KRS 197.020(2), enacted to comply with the constitutional mandate, delegate rule-making power to the Kentucky Department of Corrections. Raymer cites to this Court's decision in *Mahoney v. Carter*, Ky., 938 S.W.2d 575 (1997), for the proposition that prison officials may create constitutionally-protected liberty interests through official policies and procedures. Therefore, Raymer maintains that to hold that properly adopted prison regulations do not create a cause of action or liability would be contrary to *Wolff, supra*, which makes clear

1. It should be noted that in 2002, the General Assembly amended KRS 413.140, Actions to be brought within one year, to include, "An action arising out of a detention facility disciplinary proceeding, whether based on state or federal law." KRS 413.140(k).

2. KRS 196.030, Functions of the Department of Corrections, provides, in pertinent part that, "(1) The department shall, unless otherwise provided by law, exercise all functions of the state in relation to: (a) management of penal, reform, and correctional institutions [.]"

3. KRS 197.020, Regulations to be made by Department of Corrections, provides, in pertinent part: (1)The Department of Corrections shall: (a) Formulate and prescribe all necessary regulations and bylaws for the government and discipline of the penitentiary, the rules for the government and official conduct of all officials connected with the penitentiary and for the government of the prisoners in their deportment and conduct[.]

4. CPP 15.6 is entitled Adjustment Procedures and Programs. Its stated purpose is "To establish disciplinary procedures for handling violations of institutional and Corrections rules by inmates. It also provides guidance for the Adjustment Committee and empowers the Adjustment Committee and others designated by the Warden to perform certain functions which shall be essential to the good order and discipline of the institution and to advance the rehabilitative progress of inmates."

that officials cannot create a liberty interest and then provide procedural protections beyond the review of the courts. 418 U.S. at 558, 94 S.Ct. 2963.

 "A petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department." *Smith v. O'Dea,* Ky., 939 S.W.2d 353, 355 (1997). *See also Polsgrove v. Kentucky Bureau of Corrections,* Ky., 559 S.W.2d 736 (1977) and *Graham v. O'Dea,* Ky.App., 876 S.W.2d 621 (1994). KRS 418.040 does not set out a standard statute of limitations for all declaratory judgment actions, and indeed, this Court has never specifically addressed the issue as it pertains to inmate litigation. We conclude, however, that the underlying theory of law asserted in the petition determines what statute of limitations should apply.

Raymer's petition for declaratory judgment alleged the following:

1. Petitioner's 14th Amendment due process rights were violated when he was convicted despite the fact that ... there was no evidence linking said contraband to the petitioner.

2. Petitioner's 14th Amendment due process rights were violated when he was convicted based on information obtained from confidential sources absent any determination of the reliability of said informants.

3. Petitioner's due process rights were violated when the adjustment committee failed to adequately state their findings on which they based their determination of guilt.

4. Petitioner's due process rights were violated by his accuser's failure to execute an adequate chain of custody that documented the handling and testing of the alleged contraband.

5. Petitioner's due process rights were violated by Respondent's failure to provide a transcript of the adjustment hearing proceedings.

6. Petitioner's due process rights were violated when Warden Million failed to respond to his belated appeal of the adjustment committee verdict.

7. Dismissal and expungement of the category 6.4 dangerous contraband charge is the appropriate remedy in this cause of action, rather than remand for a hearing.

Raymer argues that despite invoking the Fourteenth Amendment throughout his petition, and specifically requesting "a Declaration that his 14th Amendment due process rights were violated," his action is actually premised solely upon state law, namely KRS 196.030(1)(a), KRS 197.020(1), and CPP 15.6. Yet, Raymer made no mention of state statutory or administrative law in the petition. The Court of Appeals based liability on state law and thus, ruled that Raymer's petition was timely filed under KRS 413.120(2), which allows five years for commencing "[a]n action based upon a liability created by statute, when no other time is fixed by the statute creating the liability."

In doing so, the Court of Appeals relied on *Clifton v. Midway College,* Ky., 702 S.W.2d 835 (1986), which involved a civil rights claim of employment discrimination, a statutorily created cause of action under

KRS Chapter 344. This Court recognized that KRS 344.450 specifically creates a private right of action against violators and liability on their part. Accordingly, we held that such an action under Chapter 344 was governed by the five-year statute of limitations in KRS 413.120(2), since it was based "upon a liability created by statute."

■■■ Raymer's petition is firmly grounded in the 14th Amendment to the U.S. Constitution, not KRS 196.030(1)(a) or KRS 197.020(1). Raymer's claims are analogous to federal constitutional claims made under 42 U.S.C. § 1983. In fact, all of the cases cited in the petition are § 1983 decisions. It is well-established that state personal injury statutes of limitations govern timing for federal constitutional claims. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Kentucky, such claims are subject to our one-year limitations period under KRS 413.140 for personal-injury actions. *Brown v. Wigginton*, Ky., 981 F.2d 913 (6th Cir.1992); *Board of Trustees of University of Kentucky v. Hayse*, Ky., 782 S.W.2d 609 (1989).

We are of the opinion that application of the one-year statute of limitations period under KRS 413.140 for constitutional claims such as those made herein is consistent with federal law governing essentially the same types of claims. 42 U.S.C. § 1983. Raymer's claims were time-barred as of April 15, 2000, one-year from the date of Warden Million's affirmance of the conviction. As Raymer did not file his petition for declaratory judgment until June 1, 2000, the trial court properly dismissed the matter.

■■■ Inasmuch as we have concluded that Raymer's petition did not allege violations of state statutory or administrative law, we perceive no necessity and therefore decline to address the nature and degree of state-created liberty interests afforded an inmate under the Corrections Policies and Procedures. We do note, however, that contrary to Raymer's assertion, our holding herein does not run afoul of *Wolff, supra*. Procedural due process protections afforded inmates are not beyond the review of the courts. Rather, an inmate claiming a violation of those due process protections simply has an obligation to make his grievance known within the allowable statute of limitations. Raymer failed to do so and thus, is precluded from pursuing further redress.

The decision of the Court of Appeals is reversed and the judgment of the Morgan Circuit Court dismissing Raymer's petition is reinstated.

COOPER, GRAVES, JOHNSTONE, KELLER, and WINTERSHEIMER, J.J., concur.

STUMBO, J, dissents in a separate opinion in which LAMBERT, C.J., joins.

STUMBO, Justice, dissenting.

Respectfully, I dissent from the majority opinion because I believe the Court of Appeals decision that Appellee's Petition For Declaratory Judgment was timely filed in the Morgan Circuit Court should be affirmed, as Appellee's cause of action accrued as "[a]n action upon a liability created by statute." KRS 413.120(2).

Appellee Raymer petitioned the Morgan Circuit Court for a judicial declaration that his due process rights were violated by the Department of Corrections' (DOC) handling of his prison disciplinary hearing and asked that his prison disciplinary conviction be reversed and expunged from his

record in its entirety. KRS 196.030(1)(a) grants to the DOC the authority to "exercise all functions of the state in relation to ... [m]anagement of penal, reform, and correctional institutions." Likewise, KRS 197.020(1)(a) mandates that the DOC shall "[f]ormulate and prescribe all necessary regulations and bylaws for the government and discipline of the penitentiary ...." In turn, the DOC has implemented CCP 15.6, which establishes certain procedures for governing disciplinary violations by inmates. CCP 15.6 makes clear that "[a]n inmate's due process rights shall be fully protected." CCP 15.6 confers upon inmates, among other things, the right to a hearing, the right to the assistance of legal aide, and the right to an appeal of any adverse decision. Accordingly, any rights created by the regulations and policies of the DOC promulgated pursuant to the authority granted to it by KRS 196.030, KRS 197.020, and Section 254 of the Kentucky Constitution, also impose upon the DOC the corresponding liability of ensuring that those rights comply with procedural due process requirements. *See Wolff v. McDonnell,* 418 U.S. 539, 556–557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). These procedural requirements (and resulting constitutionally protected liberty interest) exist only because they arose from certain rights created by state statutes and DOC regulations. *See Mahoney v. Carter,* Ky., 938 S.W.2d 575, 576 (1997) (observing that "prison officials may create liberty interests through official promulgations, policy statements, or regulations"). As such, Raymer's cause of action was properly brought as "[a]n action upon a liability created by statute."

The majority opinion concludes that since the underlying theory of law asserted throughout Raymer's pro se petition was grounded in federal constitutional law, it is analogous to a claim made under 42 U.S.C. Section 1983, and therefore the one-year statute of limitations applies. Presumably then, had Raymer more artfully pled the same claim as a violation of the Kentucky Constitution and Kentucky statutory law, his action would still be viable pursuant to KRS 413.120. This Court has many times held that when a prisoner elects to proceed pro se, he is not subject to the same standard of pleading as is legal counsel; and that rules are to be "construed liberally in his favor." *Case v. Commonwealth,* Ky., 467 S.W.2d 367, 368 (1971). *See also Commonwealth v. Miller,* Ky., 416 S.W.2d 358, 360 (1967). Raymer should not be precluded from judicial relief on this basis alone.

The legislature's subsequent amendment of KRS 413.140 to include within the purview of the one-year statute of limitations "[a]n action arising out of a detention facility disciplinary proceeding, whether based upon state or federal law," is not indicative of the original legislative intent. Indeed, "there is no presumption from the amendment that such is what the statute meant originally. On the contrary, the presumption is that the legislature, by the amendment, intended to change the law." *Whitley County Bd. of Educ. v. Meadors,* Ky., 444 S.W.2d 890, 891 (1969). Accordingly, we can presume that the legislature intended to effect a change in the law when it added actions "arising out of a detention facility disciplinary proceeding" to those items already specifically enumerated in KRS 413.140, thereby subjecting such claims to a one-year statute of limitations.

For the reasons stated above, I would affirm the Court of Appeals decision reversing the Morgan Circuit Court's order that dismissed Raymer's cause of action as time barred.

LAMBERT, C.J., joins this dissent.