RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0243-MR

JAMES CARR POTTER II                                   APPELLANT

v.
APPEAL FROM MORGAN CIRCUIT COURT
HONORABLE REBECCA K. PHILLIPS, JUDGE
ACTION NO. 20-CI-00098

DAVID GREEN                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  The appellant, James Carr Potter II (Potter), an inmate at

Eastern Kentucky Correctional Complex (EKCC), appeals from an order of the

Morgan Circuit Court granting summary judgment in favor of David Green,

Warden, and Kathleen Kenney, Commissioner.  After our review, we affirm.

        In August 2019, Potter ordered eight books from Edward R. Hamilton

Bookseller (Bookseller) for a total of $71.66.

The Department of Corrections sent Potter a notice of unauthorized mail dated September 4, 2019, advising that a book entitled *Sheer Filth* was being held in the mailroom as contraband because it contained nude photos. He was also advised that according to CPP[1] 16.2 "you have five (5) days to appeal to the Warden . . . ."

CPP 16.2 governs Inmate Correspondence. Subsection II(B)(5) provides as follows:

    a. An inmate may appeal a decision to not deliver an item in writing to the Warden.

    b. An inmate shall appeal the rejection within five (5) days of receipt of the notice of rejection.

    c. The Warden or his designee shall respond in writing within fifteen (15) days of receipt of the inmate's appeal.

    d. If the appeal is denied, a further appeal shall not be allowed.

    e. A publisher may appeal a decision to not deliver an item to an inmate to the Commissioner.

    f. The Commissioner or designee shall respond in writing within fifteen (15) days of receipt of the publisher's appeal.

---

[1] Kentucky Department of Corrections Policy and Procedure.

Potter filed a notice of appeal of unauthorized mail dated September 7, 2019. Potter explained that the book was one of eight[2] that he had ordered from Bookseller, an approved vendor. Potter stated that he had a member of the staff call about the notice and was told that he had to return all of the items -- even though the other publications did not contain contraband. Potter contended that this notice violated CPP 16.2(II)(6)(a); *i.e.*, that publications shall be rejected on a case-by-case basis and that he should be allowed to receive the other publications. Potter contended that the listing for *Sheer Filth* did not specify "adults only"; and that if the book contained nudity, Bookseller provided a moneyback guarantee and that he (Potter) would pay the return postage.

On September 23 and again on September 28, 2019, Potter wrote to the Warden using the "JPay" email system and advised that he had not received a response to his unauthorized mail appeal that had been sent on September 8, 2019.

Potter filed an inmate grievance, No. 19-610, dated October 9, 2019,[3] and explained as follows:

> **[M]y issue is not about the rejected mail. My issue is that Correction policy is not being followed by the personal action of the Warden or his designee. The policy states shall, mandatory language. This unauthorized delay in the appeal process set forth in**

---

[2] One of the eight books Potter ordered was out of stock, delivered later, and is not at issue here.

[3] Potter had filed an earlier grievance, which was apparently returned to him in error on the ground that it related to rejected mail, a non-grievable issue under CPP 14.6.

> **CPP prevents me from taking action** -- such as sending books back within 60 days for refund of purchase price.
>
> ACTION REQUESTED
>
> I request That the Warden or his designee respond to my appeal without further delay and response to all future CPP 16.2 appeals within the specified 15 days. Additionally I request that I be payed [*sic*] the purchase price of the order if no reply is received within time for me to use the 60 day refund policy.

(Underline and uppercase original, bold-face emphasis added.)

By informal response, the Warden advised: "As of this date 10/16/19, I have not received an appeal from you. I cannot answer an appeal that I do not receive. I would suggest that you send me an appeal."

Potter filed a grievance appeal to the Warden dated November 1, 2019, explaining:

> [I] followed policy and through no fault of mine, have been denied both the books and the lost refund money. The 60 day deadline for refund has passed and the books are lost. Because of these facts I ask that I be payed [*sic*] the money lost.

On November 7, 2019, Potter resubmitted the appeal to conform with formatting requirements as directed by the grievance coordinator.

By memorandum dated November 26, 2019, Warden Green advised that he had reviewed grievance No. 19-610. He also noted that:

> [a]fter investigation, it was found there was a miscommunication between the Major's Office and the

-4-

mailroom. The appeal sent by inmate James Potter . . . was answered on 10/22/19 by Major Crouch, but due to administrative error, was not uploaded to KOMS until 11/5/19.

Major Crouch's October 22, 2019, written response to Potter regarding his unauthorized mail appeal reflects that Major Crouch had reviewed the book in question, *Sheer Filth*; that numerous pages showed male and female genitalia, the basis for the rejection of the book; and that "[a]ccording to IPP[4] 16-02-01(J), ***If an item is deemed unauthorized, the entire envelope or package along with all contents shall be rejected,*** therefore your request cannot be met at this time." (Emphasis original.)

On November 27, 2019, Potter filed a grievance appeal to the Commissioner "because the Warden's response provideds [*sic*] no resolution or corrective action." Potter stated that Major Crouch's written response was not made available to him until it was posted on November 5, 2019, past the 15-day deadline (to respond to an unauthorized mail appeal) and the 60-day refund period. Potter alleged that "staff has violated policy deadlines and notification requirements and falsely stated in the informal resolution that my appeal was not received." Potter asserted that "[b]ecause of these violations of policy . . . [he] lost a $71.66 book order -- unable to receive the books and unable to return in time to

---

[4] EKCC Institutional Policy and Procedure.

receive refund due to staff's violation of policy deadlines." Potter requested to be paid the purchase price of the order.

On December 2, 2019, Commissioner Kenney issued a commissioner's review in which she concurred with the facility. On February 13, 2020, she issued a superseding decision. Commissioner Kenney stated that that she had reviewed Potter's grievance; that although it did not appear that Potter's appeal was responded to within 15 days, he did get a response; and that "the actual content of the appeal will not be considered because it is a non-grievable subject matter under CPP 14.6."[5] Commissioner Kenney further advised that Potter would not be reimbursed "because it is an inmate's responsibility to ensure that the content meets policy guidelines. Finally, you could have sent this item back at any time before the 60 days expired for a refund."

On June 22, 2020, Potter filed a petition for declaration of rights in Morgan Circuit Court against Respondents, Commissioner Kenney and Warden Green, claiming that they or their agents: censored six publications without due process; rejected one publication with due process notice, but failed to timely respond to Potter's appeal within 15 days as mandated by CPP 16.2; and acted in

---

[5] CPP 14.6 governs Inmate Grievance Procedure. Rejected mail is a non-grievable issue pursuant to CPP 14.6 II.C.7. *See Inmate Grievance Procedure*, KY. DEP'T OF CORRECTIONS https://corrections.ky.gov/About/cpp/Documents/14/CPP%2014.6%20-%20Grievance%20-%20Effective%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.pdf (last visited Sep. 28, 2022).

bad faith during the grievance process and with respect to Potter's open record requests. He also argued that Respondents' conduct deprived him and/or Bookseller of his/their rights in violation of the First and Fourteen Amendments of the United States Constitution -- and various sections of the Kentucky Constitution. Potter sought injunctive relief regarding policy and practice relating to publications sent to prisoners and the appeals process, compensatory damages in the amount of $71.66, "the price of the rejected order[,]" and punitive damages in the amount of $12,210.00.

On December 29, 2020, Respondents filed a response and motion for summary judgment. They argued that Potter's claim was not based upon the First Amendment. Instead, Potter had complained that EKCC officials summarily rejected six books based upon IPP 16-02-01 instead of following CPP 16.2(II)(B)(6)a., which provides that "[p]ublications shall be rejected on a case-by-case basis." Respondents asserted that the failure of EKCC officials to follow CPP 16.2 regarding individualized mail screening or the time to respond to mail rejection appeals did not amount to constitutional violations because the CPP confers no procedural rights to Potter.

By order entered November 17, 2021, the circuit court granted the Respondents' motion for summary judgment as follows:

> Petitioner is not entitled to relief in any form. No constitutional violations have occurred. No actual

controversy exists. Despite the Petitioner's assertions to the contrary, "Prison regulations even those which include mandatory language such as 'shall,' do not automatically confer on the prisoner an added procedural due process protection.["] White v. Boards-Bey, 426 S.W.3d 569, 575 (Ky. 2014). Moreover, the Petitioner has no standing to assert the rights of or the publishing company, Edward R. Hamilton Bookseller.

The Petitioner is subject to DOC policies and institutional policies, specifically including those policies at issue herein. Certainly, by placing an order which included a publication entitled, "Sheer Filth," the Petitioner knew or should have known that such policies would be triggered. Regardless, the Respondents have established that Petitioner is not entitled to monetary damages.

Potter appeals.[6] He first argues that censoring mail of (the six)

acceptable publications violated his rights under the First Amendment's freedom

of speech clause by way of the 14th Amendment of the United States Constitution.

Appellees note that Potter couched the issue as "censorship" in his

original petition for declaration of rights.[7] However, that is not what he argued in

his mail rejection appeal or in the grievance/grievance appeals filed with the

Warden and Commissioner. Rather, Potter initially argued that he lost the books --

---

[6] Potter's notice of appeal states that the Appellees are "David Green, *et al*." who is represented by Honorable Mark Bizzell, Justice and Public Safety Cabinet. It does not appear that the Justice Cabinet has raised any issue with respect to the notice of appeal, and Mr. Bizzell has filed a "Brief for the Appellees." We hold that the Potter's notice of appeal substantially complies with Kentucky Rules of Civil Procedure (CR) 73.03. *See M.A.B. v. Cabinet for Health & Fam. Servs.*, 635 S.W.3d 90 (Ky. 2021).

and the ability to get a refund -- because EKCC officials had failed to strictly comply with corrections policy and procedure, namely the provisions of CPP Chapter 16. "The failure to raise an issue before an administrative body precludes a litigant from asserting that issue in an action for judicial review of the agency's action." *O'Dea v. Clark*, 883 S.W.2d 888, 892 (Ky. App. 1994). Accordingly, we may not address Potter's First Amendment argument(s).

We agree with Appellees that the circuit court correctly determined that Potter is not entitled to relief in any form and that no constitutional violations have occurred. Indeed, Potter acknowledges at page 7 of his Appellant's brief that the trial court was correct in stating that:

> Prison regulations even those which include mandatory language such as "shall," do not automatically confer on the prisoner an added procedural due process protection. White v. Boards-Bey, 426 S.W.3d 569, 575 (Ky. 2014).

After our review, we have found no constitutional or procedural basis on which Potter can rely. And we have found no error in the opinion of the Morgan Circuit Court.

Therefore, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Carr Potter, II, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Mark F. Bizzell
Frankfort, Kentucky