RENDERED: JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0732-MR

CORINTH ESTATES, INC.; ALLEN
DOUGLAS; AND MABEL
MATTINGLY                                                               APPELLANTS

v.
APPEAL FROM GRANT CIRCUIT COURT
HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 19-CI-00373

CORINTH SHORE ESTATES, INC.;
GAYLE SCHWARTZ; JANET
WHITE; RICHARD MOORMAN;
RICHARD SCHWARTZ; AND
ROBERT LENNON                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  Corinth Estates, Inc. ("Corinth Estates"), Allen Douglas

("Douglas"), and Mabel Mattingly ("Mattingly") (collectively, "Appellants")

appeal from orders of the Grant Circuit Court dismissing their claims against

Corinth Shore Estates, Inc. ("Corinth Shore"), Robert Lennon, Richard Moorman, Gayle Schwartz, Richard Schwartz, and Janet White (collectively, "Appellees"). Finding no error, we affirm.

This case concerns a dispute between two nonprofit companies, Corinth Estates and Corinth Shore, over which is entitled to collect fees and is responsible for maintaining a private drive in the Corinth Estates subdivision. According to the complaint, Corinth Estates was incorporated on May 27, 1970 and from 1970 to 2010, collected fees from the residents of the subdivision to maintain the private road. On June 3, 2010, Corinth Shore was organized and began collecting road fees in the place of Corinth Estates.[1]

On November 20, 2019, Corinth Estates filed a declaratory judgment action in Grant Circuit Court seeking to be declared the sole entity entitled to collect road fees and maintain the private road. Douglas and Mattingly, as "officer[s] and director[s] of Plaintiff, Corinth Estates, Inc.," were also identified as plaintiffs in the action. The complaint asked for a declaration of rights, an accounting, and asserted a claim for unjust enrichment.

Appellees filed a motion to dismiss, arguing that Appellants' claims were barred by statute of limitations. On June 24, 2020, the trial court entered an

---

[1] Documents in the record from the Kentucky Secretary of State show that Corinth Estates was administratively dissolved on November 1, 2002. The company was reinstated on February 19, 2019.

order dismissing Appellants' claims for unjust enrichment[2] and an accounting. The court reserved ruling on the declaration of rights claim, ordering the parties to submit a copy of the subdivision's current bylaws. Both parties submitted all the documents in their possession and on May 24, 2021, the court entered an order dismissing the declaratory judgment claim. The court held that "whatever claim Corinth Estates, Inc. had to a declaratory judgment in its favor accrued in 2010 when Corinth Shore Estates, Inc. began collecting the road fees, and became time-barred five years later." The court went on to hold that even if the claim was not barred by statute of limitations, it was barred by laches. This appeal followed.

A motion to dismiss, pursuant to CR[3] 12.02(f), for failure to state a claim is a question of law, and we review the issue *de novo*. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). The pleadings must be liberally construed in a light most favorable to the nonmoving party, and the allegations contained in the complaint are taken as true. *Id.* The trial court should not grant the motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002) (citation omitted).

---

[2] The court reasoned that Appellees' claim was more akin to tortious interference with a prospective business advantage but determined that either way the claim was barred by statute of limitations.

[3] Kentucky Rules of Civil Procedure.

Appellants make two arguments on appeal: (1) the trial court erred in considering matters outside the pleadings in ruling on the motion to dismiss; and (2) the trial court erred in ruling their complaint was barred by laches. As an initial matter, we must address the deficiency of appellants' brief. Their argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by RAP[4] 32(A)(4). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine whether appellants'

---

[4] Kentucky Rules of Appellate Procedure.

arguments were properly preserved, we will ignore the deficiency and proceed with the review.

Appellants first argue the trial court erred in considering matters outside the pleadings when ruling on the motion to dismiss, however, Appellants do not identify what matters the trial court supposedly considered. They further argue that the trial court should have notified them of its intent to convert the motion into one for summary judgment. They contend that had they known summary judgment was under consideration, they "would have conducted discovery and not merely relied on Defendants' submissions to the Court." There are several problems with Appellants' argument.

First, Appellants did not rely solely on Appellees' submissions to the trial court. Appellants filed an eleven page affidavit by Douglas, along with seventy-five pages of exhibits, in response to the trial court's order to submit documents in support of their claims. They have not alleged what documents they would have provided if given the opportunity, except for a default judgment from 1970 stating that Corinth Estates had the right to collect road fees *at that time*. However, the issue on appeal is which entity was entitled to collect road fees from 2010 to the present. Thus, the information is irrelevant, and the Appellants cannot show prejudice.

Second, and more importantly, the trial court did not rely on any of the submissions in making its ruling and thus did not convert the motion to dismiss into one for summary judgment. Generally, "reliance on matters outside the pleadings by the court effectively converts a motion to dismiss into a motion for summary judgment." *D.F. Bailey, Inc. v. GRW Engineers, Inc.*, 350 S.W.3d 818, 821 (Ky. App. 2011) (citations omitted). However, here, the trial court ruled that Appellants' claims were barred by statute of limitations, citing the fact that Appellants knew that Corinth Shore was collecting the road fees as early as 2010, a fact found in Appellants' own complaint. Further, even if the documents submitted by the parties had influenced the trial court's ruling, these documents were central to Appellants' claims and did not convert the motion to dismiss into one for summary judgment. *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 563-64 (Ky. App. 2017).

Next, Appellants argue the trial court erred in finding their declaratory judgment claim barred by laches. Specifically, they argue the trial court made no particularized findings as to "unreasonable delay" and did not differentiate between the claims of Corinth Estates and the individuals, Douglas and Mattingly. Thus, they argue that neither Douglas' nor Mattingly's claim could be barred by laches or statute of limitations because their claim accrued, at the earliest, three years ago when they became property owners in the subdivision. First, we note

that the trial court's ruling that Appellants' claims were barred by laches was an alternative ruling. It initially held that their claims were barred by statute of limitations. We need not consider Appellants' laches arguments because we agree with the trial court that, at least as to appellant Corinth Estates, its declaratory judgment claim was barred by statute of limitations. *Brewick v. Brewick*, 121 S.W.3d 524, 527 (Ky. App. 2003) ("[A]n appellate court may affirm [the decision of] a trial court for reasons . . . sustainable under the record[.]").

Whether an action is barred by the statute of limitations is a question of law, which an appellate court reviews *de novo*. *Estate of Wittich By & Through Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017) (citation omitted). Our Supreme Court has held that the underlying theory of law asserted in the petition determines what statute of limitations applies to declaratory judgment actions. *Million v. Raymer*, 139 S.W.3d 914, 918 (Ky. 2004). Here, the underlying theory of law asserted in complaint was unjust enrichment.[5] Therefore, the statute of limitations on the declaratory judgment action was five years. *See* KRS 413.120(6); *Norohna v. Zolkiewicz*, 583 S.W.3d 42, 46 (Ky. App. 2018). Here, Corinth Estates' declaratory judgment claim accrued when Corinth Shore

---

[5] The trial court construed Corinth Estates' claim as one for tortious interference with a prospective business advantage. Regardless, the statute of limitations is the same. *See* KRS 413.120(6).

began collecting road fees in 2010. Because Corinth Estates waited until 2019 to file the declaratory judgment action, it is barred by statute of limitations.

Finally, as to Appellants' argument that the trial court did not differentiate between Corinth Estates' claims and the individual claims of Douglas and Mattingly, we note that this argument was not made to the trial court. Therefore, we will not review it. *Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011), *abrogated by Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) (internal quotation marks and citations omitted) ("It has long been this Court's view that specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal. Most simply put, [a] new theory of error cannot be raised for the first time on appeal.").

For the foregoing reasons, the orders of the Grant Circuit Court dismissing Appellants' claims are affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANTS:

Randy J. Blankenship
Erlanger, Kentucky

BRIEF FOR APPELLEES:

Pete W. Whaley
Williamstown, Kentucky