RENDERED:  AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0928-MR

ARNOLD ALEXANDER                                            APPELLANT


                          APPEAL FROM FRANKLIN CIRCUIT COURT
v.                         HONORABLE THOMAS D. WINGATE, JUDGE
                               ACTION NO. 22-CI-00194


KENTUCKY PAROLE BOARD                             APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Arnold Alexander, *pro se*, appeals from an order of the

Franklin Circuit Court dismissing his petition for a writ of mandamus in response

to revocation of his parole by the Kentucky Parole Board ("the Board").  We

affirm.

On February 3, 2020, Alexander was released on parole for the sixth time in his underlying sentence. Officer William Demarcus was Alexander's first parole officer and Alexander reported without incident until January 2021. On his December 3, 2020 report date, Alexander was instructed to report again on January 6, 2021.[1] Alexander failed to report on that date. At some point, Alexander's supervision was reassigned to Officer Dianna Anderson. On January 11, 2021, Officer Anderson reached out to Alexander via telephone, but was unable to make contact. A voicemail was left instructing Alexander to contact Officer Anderson as soon as possible. He failed to do so. On January 20, 2021, Officer Anderson made contact with Alexander's wife, who informed her that she had not seen Alexander for several days and was worried about his mental health and the fact he was smoking large amounts of marijuana. She provided Officer Anderson an alternative phone number for Alexander, but Officer Anderson was unable to contact Alexander and left a voicemail. Alexander again failed to report back to Officer Anderson.

On January 29, 2021, Officer Jeffrey Bishop from the Louisville Metro Police Department responded to a call of a "person down" at a gas station. Upon arriving at the scene, Officer Bishop saw Alexander being treated by

---

[1] At this time, Alexander was reporting by telephone because in-person reporting was suspended due to the COVID-19 pandemic. In his brief to this Court, Alexander states his next scheduled report date was not until March 2021, but this is unsupported by the record.

emergency medical personnel. Officer Bishop testified Alexander was disoriented and there was a strong smell of "spice" (synthetic marijuana) in his vehicle, along with torn up baggies on the floor of the vehicle. Alexander was arrested on the outstanding warrant for his parole violation, but was also charged with possession of synthetic drugs and possession of drug paraphernalia.

A probable cause hearing was held on March 25, 2021, and the administrative law judge ("ALJ") found probable cause existed to believe Alexander violated the terms of his parole by (1) absconding; (2) use/possession of synthetic drugs; (3) possession of drug paraphernalia. A final revocation hearing was held pursuant to 501 KAR[2] 1:040 on April 15, 2021, before an ALJ. Alexander was present and represented by counsel. At the conclusion of the hearing, the ALJ made findings of fact and concluded Alexander had violated the terms of parole by a preponderance of the evidence. The matter was then referred to the Board and a final decision was made to revoke Alexander's parole.

Alexander filed a petition for a writ of mandamus in the Franklin Circuit Court. The Kentucky Parole Board filed a motion to dismiss pursuant to Kentucky Rule of Civil Procedure ("CR") 12.02(f), which was granted. This appeal followed.

---

[2] Kentucky Administrative Regulation.

"Whether a court should dismiss an action pursuant to CR 12.02 is a question of law" subject to *de novo* review. *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011), *overruled on other grounds by Maggard v. Kinney*, 576 S.W.3d 559, 570 (Ky. 2019).

On appeal, Alexander argues the parole officer was required to make a home visit when he missed a report date pursuant to Kentucky Revised Statute ("KRS") 439.480(3). He asserts that, as a result of the parole officer's failure to conduct a home visit, the Board failed to prove he absconded and therefore he did not receive a fair and proper revocation hearing (*i.e.*, that he did not receive due process).

We begin by addressing a misapprehension of the circuit court. In granting the Board's motion to dismiss, the circuit court stated Alexander was not entitled to a writ of mandamus because other relief is available to him. Namely, a petition for declaratory judgment. The circuit court was correct that

> [a] petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department. *Polsgrove v. Kentucky Bureau of Corrections*, Ky., 559 S.W.2d 736 (1977); *Graham v. O'Dea*, Ky. App., 876 S.W.2d 621 (1994).

*Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997).

However, the "disputes" addressed in *Smith* and the cases cited therein are unrelated to parole revocation and instead refer to disputes such as good time credits. It is long-established in Kentucky law that "mandamus is the only proper remedy for an abuse of authority by the parole board in connection with a re-arrest and revocation of parole." *Allen v. Wingo*, 472 S.W.2d 688, 688 (Ky. 1971); *see also Muhammad v. Kentucky Parole Board*, 468 S.W.3d 331, 345 (Ky. 2015). Accordingly, Alexander properly sought a writ of mandamus from the circuit court. Although we disagree with the circuit court in this respect, "an appellate court, may affirm the trial court for any reason sustainable by the record." *Kentucky Farm Bureau Mut. Ins. Co. v. Gray*, 814 S.W.2d 928, 930 (Ky. App. 1991) (citation omitted).

Turning to Alexander's argument, we note that KRS 439.480(3) provides that probation and parole officers shall "[k]eep informed concerning the conduct and conditions of each person under their supervision and use all suitable methods to aid and encourage them to bring about improvement in their conduct and condition[.]" On its face, the statute does not require a parole officer to make a home visit. Moreover, Officer Demarcus testified at the final hearing that parole officers were not permitted to make home visits in January 2021, due to the COVID-19 pandemic. The record before us shows Alexander missed a report date and repeated attempts were made to ascertain his whereabouts by telephone,

-5-

including making contact with Alexander's wife. A warrant was subsequently issued and, prior to contact being made, Alexander was arrested and charged with new drug-related offenses.

We agree with the Commonwealth that *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015), cited by Alexander, is inapplicable. *Helms* was about a defendant on pretrial diversion who failed one drug test. This Court ruled that the single failed drug test did not demonstrate Helms was a significant risk to the public and could not be properly managed in the community, nor that his behavior demonstrated there were no workable alternatives to incarceration. The instant action is distinguishable because this was the sixth time Alexander was paroled on the underlying sentence. Although he was initially compliant with supervision requirements, the record supports the Board's finding that Alexander absconded supervision in January 2021. The testimony of Officer Bishop also supports, by a preponderance of evidence, the Board's finding that Alexander also used/possessed synthetic drugs and drug paraphernalia.

We also agree with the Commonwealth that Alexander received due process in the revocation of his parole. Alexander had a constitutional right to a hearing that provided him an opportunity to make his case to the Board. This included presentation of any mitigating factors and an opportunity to confront witnesses. *Jones v. Bailey*, 576 S.W.3d 128, 144 (Ky. 2019). The record before us

-6-

contains the notice sent to Alexander regarding the final revocation hearing.

Alexander received notice of the time and place of the hearing and was informed

(1) that he had an opportunity to be heard and present evidence; (2) of the alleged

violations of his parole conditions; and (3) of his right to representation.

Alexander was present at the hearing with counsel, was able to confront witnesses,

had an opportunity to present evidence,[3] and to present mitigating evidence.  There

was no due process violation.

Accordingly, the order of the Franklin Circuit Court dismissing

Alexander's petition for a writ of mandamus is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Arnold Alexander, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Kristin Wehking
Frankfort, Kentucky

---

[3] Alexander did not testify at the final revocation hearing.